UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADDAM M. FOSTER,

Plaintiff,

v.

RON NEAL, DEBORAH REASONER,
and AARON JONAS,

Defendants.

CAUSE NO. 3:26-CV-577-GSL-APR

OPINION AND ORDER

Addam M. Foster, a prisoner without a lawyer, filed a complaint alleging he was wrongfully given a conduct report and his appeals were wrongfully denied after he was found guilty. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Foster alleges Aaron Jonas wrongfully issued him a conduct report after the deadline for filing charges had expired, without an adequate factual basis, and without having interviewed him. He alleges his appeals to Ron Neal and then Deborah Reasoner were denied. Foster was punished with the loss 180 days earned credit time

and 180 days in segregation. *Foster v. Warden*, 3:26-cv-576 (N.D. Ind. filed April 30, 2026) ECF 2-1 at 4. Because he lost earned credit time, Foster cannot proceed with these claims because finding for him in this case would undermine the prison disciplinary finding of guilt. *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

Foster also raises unrelated claims about the conditions of his confinement in segregation which were caused by unidentified "prison officials." ECF 2 at 4. "[U]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). If Foster wants to pursue these claims, he must file a separate lawsuit.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 8, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

2